1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10 **WESTERN DIVISION**

11

12 CEDRIC L. ANDERSON,       )     No. CV 15-5628-AB (PLA)

)

13             Plaintiff,       )

)

14          v.               )    **FINAL REPORT AND RECOMMENDATION**

)    **OF UNITED STATES MAGISTRATE JUDGE**

15 LAW OFFICE OF TIMOTHY MARTELLA, )

<u>et al.</u>,                 )

16                           )

           Defendants.    )

17 _____ )

18       This Final Report and Recommendation is submitted to the Honorable Andre Birotte, Jr.,

19 United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United

20 States District Court for the Central District of California. For the reasons set forth below, the

21 Magistrate Judge recommends that this action be dismissed without leave to amend and with

22 prejudice for failure to state a claim and failure to prosecute and follow court orders.

23 /

24 /

25 /

26 /

27 /

28 /

# I.

## BACKGROUND

On July 24, 2015, plaintiff filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983. The Complaint indicated that it was brought by plaintiff on behalf of himself individually, and "as the parent, natural guardian and next friend on behalf of K.A., V.A., K.A., A.A., S.A., H.A., C.A., and S.A." (Complaint at 1). Based on plaintiff's statement that the "names of the children have been replaced with initials to protect the privacy of the minors" (id. at 2), it appeared to the Court that plaintiff was purporting to represent the interests of his minor children in this action. Although the Court subsequently granted plaintiff's request for leave to proceed *in forma pauperis*, such leave has been granted only as to plaintiff. In an accompanying Minute Order, the Court denied without prejudice plaintiff's request for appointment of counsel and advised plaintiff that, as a non-lawyer, he cannot represent the interests of any other individual, including those of his minor children. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A parent may not litigate a claim on behalf of a minor child. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").[1]

On August 5, 2015, plaintiff filed a "Verified Addendum to Federal Complaint" in which he stated that he "has not been able to allege every claim in his Federal Complaint and will seek to amend complaint." Plaintiff also stated that, in the Verified Addendum, he wished "to add additional claims NOT presented in Complaint, or to leave open the door in submitting further documents to other claims." (Doc. No. 10 (emphasis in original)). Along with his Verified Addendum, plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO"), which was denied by the assigned District Judge on August 13, 2015, on the grounds that plaintiff failed to meet the requirements for obtaining either a preliminary injunction or a TRO and

---

[1] Plaintiff later filed a motion seeking to have himself appointed as guardian ad litem for the minor children. The Court denied the motion on the grounds that plaintiff, as a non-lawyer, may not litigate a claim on behalf of his minor child. (See Doc. Nos. 28, 30).

2

1   because it appeared that plaintiff was asking the Court to grant an injunction that would interfere

2   with ongoing state judicial proceedings.  (See Doc. No. 12).

3          In the Complaint, plaintiff, who resides in Texas, named as defendants several lawyers

4   associated with four law firms, all of whom were alleged to be practicing law in the County of Los

5   Angeles as a "contractor or subcontractor" with the County of Los Angeles; the County of Los

6   Angeles; and "Social Worker Gonzales," who was alleged to be employed by the County of Los

7   Angeles Department of Children and Family Services ("DCFS").  (Complaint at 7, 12-13).  In the

8   caption of the Complaint, plaintiff listed other defendants, including the "Los Angeles Sheriff

9   Department and its Officers/Investigators/Supervisors" and "Emergency Responder Patrick." (Id.

10  at 1).  The Complaint, which consisted of 124 pages and numerous attached exhibits, purported

11  to allege 13 claims, which appeared to pertain, at least in part, to the arrest and/or detention of

12  plaintiff in Texas, as well as the "seizure" of plaintiff's children in California.  Plaintiff alleged that

13  he spent eight months in jail in Texas on "false charges obtained through fabricated evidence."

14  (Id. at 2).  Plaintiff also stated that he was "currently awaiting DCFS to fraudulently terminate his

15  parental rights in August 2015."  (Id. at 7, 68 ("defendants are rushing to unlawfully terminate

16  plaintiff [sic] parental rights") (capitalization altered from original)).  Plaintiff sought "general

17  damages and special damages." (Id. at 7, 68-69, 123).

18         In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the

19  Court screened the Complaint prior to ordering service for the purpose of determining whether the

20  action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks

21  monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §1915(e)(2).

22  After careful review and consideration of the Complaint, the Court found that its allegations

23  appeared insufficient to state any federal civil rights claim, may be barred by the Rooker-Feldman[2]

24  doctrine and/or the Younger[3] abstention doctrine, and failed to comply with Federal Rule of Civil

25

26         [2]  D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206
27  (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

28         [3]  Younger v. Harris, 401 U.S. 37, 41, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

Procedure 8 ("Rule 8").  On August 26, 2015, the Court dismissed the Complaint with leave to amend.  Plaintiff was ordered, if he wished to pursue this action, to file a First Amended Complaint no later than September 25, 2015, remedying the deficiencies of the Complaint.  Plaintiff was admonished that if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of the Complaint, the Court would recommend that the action be dismissed with prejudice.  Plaintiff further was admonished that his pleading must "be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document." (See Doc. No. 13).

Plaintiff failed to timely file a First Amended Complaint or request an extension of time in which to do so.  Accordingly, on October 5, 2015, the Court issued a Report and Recommendation recommending that the action be dismissed for failure to prosecute.  (See Doc. Nos. 14-15).  Plaintiff then requested an initial extension of time on October 14, 2015.  (See Doc. No. 16).  Following a second extension of time, plaintiff filed a First Amended Complaint ("FAC") on December 16, 2015.  (See Doc. No. 20).  Also on December 16, 2015, plaintiff filed a "Motion for Correction and Clarifying [sic] to Complaint."  Plaintiff appeared to be seeking leave to amend his "Complaint" to add additional claims and facts, and he set forth an "example of an actual substantive material fact [plaintiff] would seek to include." (See Doc. No. 22).  In addition, plaintiff filed a document entitled "Supplemental Briefing in Opposition to Rooker" [sic] ("Sup. Briefing"). (See Doc. No. 21).  In this Sup. Briefing, plaintiff contended that the Court "has concurrent subject matter jurisdiction over this action" (Doc. No. 21 at 1 (capitalization altered from original)), because the federal action was filed before "a final state court judgment [was] rendered" (id. at 2).  Plaintiff also asserted that he was "prevented by defendants, from raising any of his constitutional claims in California Appeals [sic]." (Id. (capitalization altered from original)).  Plaintiff contended that he is not raising a de facto appeal herein because he is targeting the allegedly illegal acts by adverse parties rather than a "legal error" of the state court.  Because, plaintiff argued, he was alleging extrinsic fraud, rather than an alleged illegal action by the state court, Rooker-Feldman does not apply.  (Id. at 3).

In the caption of his FAC, plaintiff named only the "Law Offices of Timothy Martella" as a

4

defendant, but he referenced numerous other defendants throughout the body of the FAC. These defendants included: "Patrick," who was identified as a "Los Angeles County DCFS Emergency Responder," and various other DCFS employees primarily identified as "Doe" defendants (Docket No. 20 at 3, 18, 24, 27, 30, 32, 34, 36, 38, 43, 45); several court-appointed and other attorneys (id. at 6, 8, 10, 12, 14, 16, 22, 28, 43); Los Angeles County Sheriff Department employees identified as "Doe" defendants (id. at 20, 25, 27, 43); Kevin and Rachella Anderson, who appear to be relatives of plaintiff (id. at 32, 36); the Administrative Director of the state courts (id. at 40); the Los Angeles County Courts, and the County of Los Angeles (id. at 40, 47, 49).  Most of the individual defendants were named in their official as well as individual capacities.  The FAC purported to allege 18 claims, and sought compensatory and punitive damages, unspecified injunctive relief, and the return of a tax refund.  (Id. at 33, 37, 39, 51).

Once again, the Court screened the FAC prior to ordering service.  After careful review and consideration of the FAC, the Court found that plaintiff's allegations appeared insufficient to state a civil rights claim against any named defendant.  Accordingly, on January 20, 2016, the FAC was dismissed with leave to amend.  Plaintiff was ordered, if he wished to pursue this action, to file a Second Amended Complaint no later than February 19, 2016, remedying the deficiencies of the FAC.  Plaintiff was admonished that the pleading must be complete in and of itself without reference to any other document.  Plaintiff was further admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of the First Amended Complaint, the Court would recommend that the action be dismissed with prejudice.  (See Doc. No. 23).

Rather than timely file an amended pleading, on February 23, 2016, plaintiff filed a "Motion for Clarification to Amend Complaint and Clarification to Rule 9" along with two "Addendum to Motion for Clarification" ("Motion for Clarification").  Plaintiff also sought reconsideration of the Court's earlier order denying appointment of counsel.  (See Doc. No. 24-26.)  In a Minute Order of February 24, 2016, the Court denied, in part, the Motion for Clarification on the grounds that the deficiencies of the FAC had already been set forth in the Court's Order Dismissing the FAC, and plaintiff had not shown any likelihood of success on the merits of his action.  The Court, however,

granted plaintiff an extension of time in which to file a Second Amended Complaint and leave to file up to ten additional pages.  (Doc. No. 27).

On March 23, 2016, plaintiff filed a Second Amended Complaint ("SAC").  (Doc. No. 29). In the SAC (which consisted of 55 pages plus an additional 10-page attached "Supplemental"), plaintiff purported to be representing himself and "all others similarly situated."  (SAC at 1). However, as the Court has repeatedly apprised plaintiff, as a *pro se* litigant who is not an attorney, plaintiff may not represent the claims of other individuals.  Plaintiff's SAC named essentially the same defendants as he had named in the FAC.  The SAC purported to raise 20 claims with additional factual allegations set forth in the attached "Supplemental."  (See Doc. No. 29 at 56). Plaintiff appeared primarily to be alleging that several of the attorneys appointed to represent him in connection with state court proceedings to terminate his parental rights were ineffective because they failed to investigate his defenses, failed to present exculpatory evidence, and made false promises to him that they had no intention of keeping.  He alleged that such inadequate representation resulted in "substantial and immediate irreparable injury through termination of parental rights in April, 2016 [sic]."  (SAC at 29).  Plaintiff sought compensatory and punitive damages as well as unspecified declaratory, injunctive, and "equitable" relief.  (SAC at 55).

Once again, the Court screened the SAC prior to ordering service.  After careful review and consideration of the SAC, the Court found that plaintiff had failed to correct any of the deficiencies of his prior pleadings and that his allegations still appeared insufficient to state a federal civil rights claim against any named defendant.  Accordingly, the Court issued a Report and Recommendation on April 4, 2016 ("April R&R"), recommending that the SAC be dismissed because of plaintiff's repeated failures to comply with Rule 8 and the Court's prior Orders and for failure to follow orders of the Court pursuant to Fed. R. Civ. P. 41(b).  (See Doc. Nos. 31-32).

On April 20, 2016, plaintiff filed seven documents including a "Motion for Pro Bono Attorney" (Doc. No. 38), a "Motion to Amend Complaint and/or Extension of Time to Recommendation [sic]" (Doc. No. 39), and several "Supplemental Briefings" raising various objections to the Court's April R&R.  In essence, plaintiff contended that the Court had failed to respond directly to plaintiff's requests for clarification, that he wished to list additional defendants (Doc. No. 33), and that the

public defenders named as defendants are state actors because he is alleging that they were either acting in investigatory roles and/or participating in a conspiracy. Further, plaintiff sought leave to either file a Third Amended Complaint or an extension of time in which to file further objections to the Court's April R&R. (Doc. No. 39).

On April 26, 2016, the Court issued a Minute Order explaining that, to the extent plaintiff was seeking advice on how to proceed in this matter, the Court is not in a position to provide legal advice to any litigant, even one proceeding *pro se*. See Pliler v. Ford, 542 U.S. 225, 226, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); McKaskle v. Wiggins, 465 U.S. 168, 183-84, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984).   In addition, the Court once again denied plaintiff's request for reconsideration of his request for appointment of counsel because plaintiff had failed to make a showing of the likelihood of success on the merits of his claims sufficient to support a finding of exceptional circumstances.   However, In light of plaintiff's *pro se* status, the Court granted plaintiff's requests for an extension of time and for leave to file a Third Amended Complaint. Accordingly, the Court vacated its April R&R.  Plaintiff was ordered, if he wished to file a Third Amended Complaint, that he must do so no later than May 20, 2016, and that he must remedy the deficiencies of his Second Amended Complaint as discussed in the Court's April R&R and its prior Orders.  Further, plaintiff once again was admonished that, to the extent that he wished to name any defendants or to include any factual allegations in an amended pleading, **"he must set forth those allegations in one document as his Third Amended Complaint and not in separate or supplemental documents**." (Doc. No. 40 (emphasis in original)).

Once again, rather than comply with the Court's Order, on May 19, 2016, plaintiff filed a Motion for Extension of Time to file his Third Amended Complaint along with six additional "motions" seeking "judicial notice," "correction," or clarification from the Court. (Doc. Nos. 41-47). The Court granted plaintiff's Motion for Extension, denied his other motions, and ordered plaintiff to file his Third Amended Complaint no later than July 1, 2016. (Doc. No. 48).  On June 29, 2016, plaintiff did file a Third Amended Complaint ("TAC"; Doc. No. 54), but he also filed three additional "supplemental" documents, another Motion for Extension of Time, and a "Motion for Correction to Supplemental Pleading." (Doc. Nos. 49-53).  The Court denied plaintiff's motions, but granted

1   plaintiff an additional opportunity to file a single "Corrected Supplemental Pleading" in support of

2   his TAC.  (Doc. No. 55).  As has been his pattern throught this litigation, plaintiff failed to follow

3   the Court's Order, and he instead filed both a "Corrected Supplemental Pleading" and a "2nd

4   Supplemental Brief" on July 15, 2016.  (Doc. Nos. 56-57).

5        The Court has now screened plaintiff's TAC.  The Court's screening of the pleading under

6   the foregoing statute is governed by the following standards.  A complaint may be dismissed as

7   a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory;

8   or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d

9   696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (when

10  determining whether a complaint should be dismissed for failure to state a claim under the PLRA,

11  the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).

12  Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's

13  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

14  conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual

15  allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic

16  Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

17  (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.

18  Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a

19  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

20  is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that

21  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

22  alleged." (internal citation omitted)); Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir.

23  2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough

24  facts to state a claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)).

25       Because plaintiff is appearing pro se, the Court must construe the allegations of the

26  pleading liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los

27  Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Finally, in determining whether a

28  complaint states a claim on which relief may be granted, allegations of material fact are taken as

true and construed in the light most favorable to plaintiff. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Iqbal</u>, 556 U.S. at 678.

Although plaintiff has repeatedly been admonished that he must set forth all of his claims in a single pleading, because plaintiff is proceeding *pro se* in this action, the Court has reviewed his supplement pleadings together with his TAC in an attempt to ascertain what claims he is purporting to raise. <u>See</u> <u>Pouncil v. Tilton</u>, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"); <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, as is set forth below, plaintiff's pleading once again fails to comply with Rule 8 and plaintiff fails to state a claim upon which relief may be granted. Despite having been apprised of the deficiencies of his pleadings on three prior occasions and having been provided with multiple opportunities to amend and supplement his pleadings, plaintiff's TAC still fails to contain a short and plain statement of plaintiff's claims and still fails to give each defendant fair notice of what plaintiff's claims are or the factual and legal grounds upon which they rest. Accordingly, as set forth below, it has become absolutely clear to the Court that plaintiff is unable to cure the deficiencies of the TAC by amendment. Moreover, because of plaintiff's repeated failures to comply with Rule 8 and the Court's prior Orders, the Court now recommends that this action be dismissed for failure to state a claim and for failure to follow orders of the Court pursuant to Fed. R. Civ. P. 41(b). <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

/

/

/

/

## II.

## DISCUSSION

**A.   PLAINTIFF'S TAC STILL FAILS TO STATE A SHORT AND PLAIN STATEMENT IN COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8.**

Plaintiff's TAC still fails to comply with Rule 8(a) and 8(d).  Rule 8(a) states:

> A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).  Further, Rule 8(d)(1) provides:  "Each allegation **must be simple, concise, and direct**.  No technical form is required."  (Emphasis added).  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8.  See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages.  Johnson v. City of Shelby, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam).  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

In plaintiff's FAC, he purported to allege 18 claims.  In the Court's Order Dismissing the FAC on January 20, 2016, the Court apprised plaintiff for the second time that many of his purported "claims" referenced multiple legal grounds, and, accordingly, it was impossible for the

Court to discern the legal basis for each federal civil rights claim that plaintiff was purporting to raise.  In his SAC, plaintiff purported to allege 20 claims, but he continued to reference multiple legal grounds in many of his "claims."  For example in his "Claim II," for violation of his "Fourteenth Amendment Right," plaintiff referenced familial association, fabrication of probable cause, a fraudulent warrant, his "First Amendment right to answer thruthlfuly [sic]," an "intentional failure to investigate," as well as the violation of a provision of the California Government Code pertaining to tort liability for public employees.  (SAC at 7).  Additionally, in the attached "Supplemental" to the SAC plaintiff set forth additional "factual circumstances."  (See Doc. No. 29 at 58-66).  That "Supplemental" set forth allegations concerning "extrinsic fraud and fraudulent conduct," most of which appeared to pertain to the actions of various attorneys who represented plaintiff in the state court dependency matter.  (Id. at 60-66).  The Court advised plaintiff in its April R&R that (as the Court previously had apprised plaintiff), to the extent that he is purporting to allege any civil rights claims against his court-appointed attorneys in the state court dependency proceedings, California courts have recognized that a state court habeas corpus petition (rather than a federal civil rights action) is the correct vehicle in which to raise an ineffective assistance of counsel claim in a child dependency case.  See, e.g. Kemper v. County of San Diego, 242 Cal. App. 4th 1075, 1091 (Cal.App. 4 Dist. 2015); In re Darlice C., 105 Cal. App. 4th 459, 463, 129 Cal. Rptr. 2d 472 (Cal.App. 3 Dist. 2003).[4]

In plaintiff's TAC he again purports to allege 20 claims, and he seeks compensatory and

_____

[4] Plaintiff argues that Kemper in inapplicable because he was "unlawfully precluded, obstructed and hindered by DCFS from seeking a State Habeas Corpus [sic]," and that he was precluded from bringing a federal petition for writ of habeas corpus.  (Doc. No. 57 at 2).  Although California law provides that "an indigent parent may in some cases have a due process right to counsel where the termination of parental rights may result," Kemper, 242 Cal. App. 4th at 462, plaintiff has no federal constitutional right to appointed counsel in such cases.  A civil litigant generally has no federal right to appointed counsel.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981); Storset v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  Accordingly, plaintiff's claims alleging ineffective assistance by his attorneys in a state court dependency proceeding are not cognizable on federal habeas review.  See Wright v. West, 505 U.S. 277, 293, 120 L. Ed. 2d 225, 112 S. Ct. 2482 (1992).  Further, to the extent that plaintiff is purporting to allege that he was prevented from filing a state court habeas petition, plaintiff must raise such claims in state court.

punitive damages as well as unspecified declaratory and injunctive relief.  (TAC at 51).  The TAC continues to raise many of the same claims against defendants whom plaintiff identifies as attorneys (see, e.g., TAC at 6, 8-9, 11-12, 14-15, 17, 21), who were appointed to represent him, and did represent him, in the state court dependency proceedings.  As the Court repeatedly has informed plaintiff, he may not pursue a federal civil rights action against appointed counsel on a claim of inadequate representation when the attorney is performing a lawyer's traditional functions. See Polk County v. Dodson, 454 U.S. 312, 317-18, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (an attorney "performing a lawyer's traditional functions" cannot be considered to act under color of state law, regardless of whether he was "privately retained, appointed, or serving in a legal aid or defender program").  Although plaintiff argues that the attorneys were engaged in investigative functions and/or fraudulent conduct (see, e.g., Doc. No. 51), even after multiple attempts to amend his pleading, plaintiff fails to set forth anything other than bare and conclusory allegations to support his contentions.  See Iqbal, 556 U.S. at 681 ("bare assertions … amount to nothing more than a formulaic recitation of the elements" of a claim) (internal quotation marks omitted).  Plaintiff's factual allegations against the attorney defendants include such allegations as one attorney allowing the "seizure of his evidence" and relying on an investigator's report "without developing her own independent judgment" (TAC at 13; Doc. No. 53 at 5, 9), defendants sharing plaintiff's "legal defenses with DCFS social worker" to "have the social worker intimidate plaintiff against using it" (Doc. 53 at 6), "intimidating plaintiff['s] therapist to oppose plaintiff" (id. at 7), falsely informing plaintiff that he could not use a polygraph test or psychological evaluation in a dependency hearing (id. at 9), an attorney giving thumbs up or nodding his head "in agreement to DCFS attorney" during a hearing (id. at 13), and attorneys withholding unspecified "exculpatory evidence from plaintiff" (TAC at 13).  Accordingly, plaintiff's TAC fails to state any federal civil rights claims against the attorney defendants.

Similarly, it appears to the Court that plaintiff's TAC still purports to raise civil rights claims against Kevin and Rachella Anderson, who appear to be private individuals who also are involved in the state court dependency proceedings.  As the Court has previously admonished plaintiff, in order to state a federal civil rights claim against a particular defendant, plaintiff must allege that

1  a specific defendant, while acting under color of state law, deprived him or her of a right
2  guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48, 108
3  S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Karim-Panahi, 839 F.2d at 624.  "A person deprives another
4  'of a constitutional right, within the meaning of section 1983, if he does an affirmative act,
5  participates in another's affirmative acts, or omits to perform an act which he is legally required
6  to do that **causes** the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d
7  628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis
8  and alteration in original)).  To the extent that plaintiff is purporting to state any federal civil rights
9  claims against Kevin and Rachella Anderson, he may seek damages under § 1983 from a private
10  party for an alleged violation of a constitutional right in only limited circumstances.  "Section 1983
11  liability extends to a private party where the private party engaged in state action under color of
12  law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the
13  Constitution or the laws of the United States."  Brunette v. Humane Soc'y, 294 F.3d 1205, 1209
14  (9th Cir. 2002).  In addition, the "color of law" requirement excludes from the reach of § 1983 all
15  "merely private conduct, no matter how discriminatory or wrongful."  American Mfrs. Mut. Ins. Co.
16  v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks
17  omitted).  Thus, the ultimate issue in determining whether a person is subject to suit under § 1983
18  is whether the alleged infringement of federal rights is "fairly attributable" to the government.
19  Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); see also
20  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability attaches only to
21  individuals who carry a badge of authority of a State and represent it in some capacity." (internal
22  quotation marks omitted)).  Plaintiff's TAC merely alleges that the claims against Kevin and
23  Rachella Anderson arise from their "conspiracy with social workers" or "state actors" by
24  threatening that plaintiff would be arrested if he presented "evidence they had a child abuse
25  history."  (See TAC at 17, 23, 32, 35, 39, 41, 44, 47).  Plaintiff's conclusory allegations of a
26  "conspiracy" fall far short of his "obligation to provide the 'grounds' of his 'entitle[ment] to relief.'"
27  Twombly, 550 U.S. at 555.  As the Supreme Court has made clear, plaintiff must plead "more than
28  labels and conclusions."  Id.  In the absence of specific factual allegations showing how the actions

13

1  of these individuals were "fairly attributable" to the government, plaintiff may not raise any federal

2  civil rights claims against Kevin or Rachella Anderson.

3         In addition, to the extent that plaintiff may be purporting to allege a federal civil rights claim

4  arising from the violation of his Fourteenth Amendment right to the custody or care of his children,

5  the Supreme Court has recognized that the Fourteenth Amendment's Due Process Clause

6  protects the liberty interest "of parents in the care, custody, and control of their children." Troxel

7  v. Granville, 530 U.S. 57, 65, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000); see also Santosky v.

8  Kramer, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (discussing "the fundamental

9  liberty interest of natural parents in the care, custody, and management of their child"); Tamas v.

10 Dep't of Soc. & Health Servs., 630 F.3d 833, 842-43 (9th Cir. 2010) (Fourteenth Amendment's

11 Due Process Clause protects the liberty interest of a child in state custody from harm by social

12 workers).  To violate substantive due process, however, a specific defendant "must act with such

13 deliberate indifference to the liberty interest that their actions 'shock the conscience.'" Tamas, 630

14 F.3d at 844; see also County of Sacramento v. Lewis, 523 U.S. 833, 846-47, 118 S. Ct. 1708, 140

15 L. Ed. 2d 1043 (1998) (official conduct violates a party's substantive due process rights when the

16 conduct "shocks the conscience").  Here, because plaintiff's TAC once again fails to set forth a

17 "simple, concise, and direct" statement of any such claim, plaintiff's allegations are insufficient to

18 raise a right to relief against any named defendant above the speculative level because it is

19 unclear to the Court which factual allegations may apply to such claim or claims.  For example,

20 plaintiff references the Fourteenth Amendment in his "Claim I" arising from "a false removal

21 warrant," failure to investigate and interview witnesses, limiting plaintiff from answering truthfully,

22 and other conduct, in connection with plaintiff's "loss of care, custody, maintenance of his

23 children." (TAC at 5).  In his Claim VII, plaintiff purports to raise a claim pursuant to the Fourteenth

24 Amendment's Equal Protection Clause arising from alleged "discriminating against his [sic]

25 reporting of child abuse" and "discrimination to not investigate and protect against children [sic]

26 from abus[e] by reporting parents as a protected class."  (Id. at 20).  Additionally, plaintiff alleges

27 his Claim XX pursuant to Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694, 98

28 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), arising from an alleged "failure to train" and "five official

investigations" of plaintiff and a daughter along with a "policy/custom" of obtaining warrants by "omitting or mitigating" witnesses or evidence from warrants and hindering "truthful answers" by the use of unspecified duress, coercion, threats, and intimidation.  This claim also references state law and the First, Fourth, and Fourteenth Amendments.  (TAC at 50).

Finally, plaintiff continues to violate the Court's prior Orders, the Federal Rules of Civil Procedure, and the Local Rules that require that his pleading be complete and not refer to any other documents, and that plaintiff name all defendants on the face page of the pleading.  The face of the TAC points to an earlier filed "Supplemental" for "other defendants," and the body of the pleading repeatedly points to unspecified "supplemental pleading."  (See, e.g., Doc. No. 54 at 6, 8-12, 14, 41, 44).

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of a pleading liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi, 839 F.2d at 623; Alvarez, 518 F.3d at 1158 (9th Cir. 2008).  That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler, 542 U.S. at 231; see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants").  Because plaintiff's TAC once again fails to set forth a short and plain statement of each of his claims, it remains unclear to the Court the number of federal civil rights claims that plaintiff is purporting to raise, which defendants he is purporting to raise what claims against, and what the legal or factual basis of each of plaintiff's claims may be.  Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555-56).  A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Iqbal, 129 S. Ct. at 1949 (alteration in original, internal quotation marks omitted).  Despite having been provided with several opportunities to amend his deficient pleadings in accordance with the Court's instructions, plaintiff's TAC altogether fails to meet the minimal requirement that a complaint at least allow the defendants to discern "what [they] are being sued for."  McHenry, 84 F.3d at 1177; see also Twombly, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the

15

speculative level").

Plaintiff's TAC once again fails to set forth simple, clear, and comprehensible factual allegations sufficient to allow the Court to discern the legal and factual basis of any of his claims, let alone draw the reasonable inference that any defendant is liable for any alleged wrongdoing. See, e.g., Gottschalk v. City & County of San Francisco, 964 F. Supp. 2d 1147, 1156-57 (N. D. Cal. 2013) (granting defendants' motion to dismiss for failure to comply with Rule 8 and the court's orders to correct deficiencies in earlier pleadings after pro se litigant filed a third amended complaint that was incomprehensible, failed to identify the specific basis of liability for each defendant, and failed to identify the legal and factual basis for some of her claims). Accordingly, the Court recommends that the TAC be dismissed for failure to comply with Rule 8. See McHenry, 84 F.3d at 1179 (failure to comply with Rule 8 constitutes an independent basis for dismissal even if the claims in a complaint are not wholly without merit).

**B.     THE ACTION SHOULD BE DISMISSED WITHOUT FURTHER LEAVE TO AMEND AND WITH PREJUDICE ON ACCOUNT OF PLAINTIFF'S REPEATED FAILURE TO COMPLY WITH RULE 8 AND THE COURT'S PRIOR ORDERS.**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or comply with court orders, the Court must consider the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447,

1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff has failed to comply with the Court's prior orders setting forth the deficiencies of his claims as well as apprising plaintiff of his obligation to plead sufficient factual content to allow the Court to draw the reasonable inference that each named defendant is liable for the misconduct alleged.  Plaintiff's repeated failure to comply with the Court's Orders and to timely file a single amended pleading that corrects the continuing deficiencies in his claims hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  Eisen, 31 F.3d at 1452-53.  Although no defendants have yet appeared in this action, the Ninth Circuit has recognized that "[p]rolix, confusing complaints … impose unfair burdens on litigants and judges."  See McHenry, 84 F.3d at 1179.  Taking into account the length of each of plaintiff's four pleadings herein, the large number of defendants named in each pleading, the voluminous "supplemental" pleadings that plaintiff continues to file, and plaintiff's failure to narrow the factual and legal basis for his numerous claims in response to the Court's Orders, the Court finds that permitting plaintiff to proceed with this action would place an unfair burden on defendants in discerning which of plaintiff's claims they must respond to, as well as the factual basis for each claim.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal.  However, it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991).  By failing to timely file amended pleadings correcting the continuing deficiencies in his claims and continuing to file "supplemental" pleadings, despite having been given multiple opportunities to file a single, amended pleading, plaintiff has failed to discharge this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the

1  merits does not outweigh plaintiff's repeated failure to comply with the Court's Orders.

2       The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal.

3  The Court has made repeated attempts to avoid dismissal by issuing its August 26, 2015, Order

4  Dismissing Complaint with leave to amend to remedy the deficiencies therein; by issuing its

5  January 20, 2016, Order Dismissing First Amended Complaint with leave to amend to remedy the

6  deficiencies therein; and by providing plaintiff an additional opportunity to amend following its April

7  5, 2016, Report and Recommendation.  In addition, the Court has granted plaintiff numerous

8  extensions of time in which to file his amended pleadings.  Nonetheless, plaintiff has failed to

9  comply with the Court's Orders and has failed to cure the deficiencies in his pleadings.  Under

10 such circumstances, it does not appear to the Court that any less drastic sanctions are available

11 to impose.  See, e.g., Seto v. Thielen, 519 Fed. Appx. 966, 969 (9th Cir. 2013) (affirming dismissal

12 pursuant to Rule 41(b) for failure to comply with Rule 8 and a court order after plaintiffs "repeatedly

13 failed to comply with the district court's orders directing them to remedy the drastic shortcomings

14 of their pleadings" and plaintiffs "were warned several times that failure to comply with the district

15 court's orders would result in automatic dismissal") (citable for its persuasive value pursuant to

16 Ninth Circuit Rule 36-3); Nevijel, 651 F.2d at 674 (affirming dismissal with prejudice pursuant to

17 Rule 41(b) and finding that the district court had "made such reasonable opportunities and

18 alternatives available" prior to dismissal where plaintiffs were instructed to file an amended

19 complaint in accordance with procedural rules, but instead filed an amended complaint that added

20 defendants and was "equally as verbose, confusing and conclusory as the initial complaint").

21      Considering all of the above factors, dismissal for failure to prosecute and follow the Court's

22 Orders is appropriate.  Such a dismissal, however, should not be entered unless plaintiff has been

23 notified that dismissal is imminent.  See West Coast Theater Corp. v. City of Portland, 897 F.2d

24 1519, 1523 (9th Cir. 1990).  In this case, plaintiff has been cautioned about the possibility of

25 dismissal in the Court's prior Orders dismissing with leave to amend.  Further, plaintiff will be

26 afforded additional notice by service of this Report and Recommendation.

27 /

28

**III.**

**<u>CONCLUSION</u>**

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice for failure to state a claim and failure to prosecute and follow court orders.

DATED: September 19, 2016

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.