UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CEDRIC L. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAW OFFICE OF TIMOTHY MARTELLA, et al.,<br><br>　　　　Defendants. | No. CV 15-5628-AB (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On September 19, 2016, the United States Magistrate Judge issued a Final Report and Recommendation, recommending that this action be dismissed without leave to amend and with prejudice for failure to state a claim and failure to prosecute and follow court orders. On October 7, 2016, plaintiff filed Objections to the Final Report and Recommendation, along with a "Supplemental Pursuant to Fed. R. Civ. P. 10" ("Supplemental") and a "Supplemental Brief in Opposition to Lassiter v. Dep't of Soc." ("Supplemental Brief"). (ECF Nos. 60-62).

/

/

## II.

## DISCUSSION

In his Supplemental Brief, plaintiff objects that the Report and Recommendation presented for the "first time" a new argument concerning Lassiter v. Dep't of Soc. Servs., 452 U.S. 18 (1981), which, he argues, "is in legal error." Plaintiff references a "U.S. Constitutional right to counsel in dependency hearings," but he cites no federal authority supporting such a right. (ECF No. 61 at 1-2). In addition, plaintiff argues in his Objections that the Magistrate Judge made an error of law in applying Lassiter, and failed to determine if plaintiff had a Fourteenth Amendment "due process right to counsel." Plaintiff, however, is incorrect -- such a right to counsel simply does not exist pursuant to the federal constitution. (Objs. at 2, 8-9 (citing state law cases)).

Also in his Supplemental Brief, plaintiff purports to argue that "separate investigations of child abuse across two different states . . . could ultimately result in loss of physical liberty," but the civil rights action that plaintiff filed herein does not purport to state any claims arising from child abuse investigations against plaintiff. (ECF No. 61 at 2).

In his Supplemental, plaintiff once again purports to "submit additional defendants" in this action (consisting of County of Los Angeles Department of Children and Family Services employees; attorneys, some of whom are already named in the action; Kevin and Rachella Anderson, also already named in the action; and two state court judges) despite prior admonishments that plaintiff must set forth all of the claims that he wishes to raise against all defendants in one pleading. (See, e.g., ECF Nos. 13, 23). Plaintiff does not purport to explain how adding these defendants would cure any of the deficiencies in his claims.

In his Objections, plaintiff argues that the Magistrate Judge misconstrued and mischaracterized some of his state law claims. (Objs. at 3-4, 9-10, 14-17). However, the Magistrate Judge is recommending that plaintiff's action be dismissed because it violates Rule 8 and it remains unclear what *federal civil rights claims* plaintiff is purporting to raise against which defendants and what the legal and factual basis of each *federal civil rights claim* may be. Accordingly, the sufficiency of plaintiff's state law claims has not been addressed. Regardless of the nature of plaintiff's fraud claims, they simply do not give rise to a federal civil rights claim.

2

Further, although plaintiff contends that the Magistrate Judge ignored his case law that the "9th Circuit and other sister circuits establish[ed] a requirement for judges to ignore lengthy facts or confusing legal theories from *pro se* pleadings," plaintiff fails to cite any such cases. (Objs. at 5). Regardless, no case from the Ninth, or any other, Circuit can overrule the Supreme Court's holding that a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 681 (internal quotation marks omitted). Moreover, the Ninth Circuit has affirmed the dismissal of pleadings on Rule 8 grounds in cases in which a pleading is "argumentative, prolix, replete with redundancy, and largely irrelevant," McHenry, 84 F.3d at 1177, 1180, or when a complaint is "verbose, confusing and conclusory," Nevije, 651 F.2d at 674. See also Cafasso v. General Dynamics C4 Sys., 637 F.3d 1047, 1059 (9th Cir. 2011) (noting that Rule 8(a) has been held to be violated by a pleading that was "needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling"). Here, the Magistrate Judge found that plaintiff's SAC fails to set forth simple, clear, and comprehensible factual allegations sufficient to allow the Court to discern the legal and factual basis of any of his federal civil rights claims, let alone draw the reasonable inference that any specific defendant is liable for any alleged wrongdoing.

Plaintiff's conclusory assertions of the existence of a conspiracy (see Objs at 11-12) are insufficient to cure the deficiencies in his factual allegations and do not raise a reasonable inference that any defendant took any action to further a conspiracy. Such conclusory allegations fall far short of plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" Twombly, 550 U.S. at 555.

Finally, plaintiff objects that the Magistrate Judge abused its discretion in denying his request for counsel. (Objs. at 25). However, after careful review and consideration of plaintiff's pleadings and various motions, the Magistrate Judge repeatedly found that plaintiff has failed to show any likelihood of success on the merits. This Court agrees.

Accordingly, nothing in plaintiff's Objections, Supplemental, or Supplemental Brief causes the Court to reject the recommendations in the R&R.

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint, the other records on file herein, the Magistrate Judge's Final Report and Recommendation, and plaintiff's Objections to the Final Report and Recommendation and his Supplemental and Supplemental Brief. The Court has engaged in a de novo review of those portions of the Final Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Final Report and Recommendation is accepted;

2. This action is dismissed with prejudice for failure to state a claim and failure to prosecute and follow court orders.

3. The clerk shall serve this Order on all counsel or parties of record.

DATED: January 19, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE